

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 8, 1964

Honorable J.N. Nutt
Commissioner of Insurance
State Board of Insurance
1110 San Jacinto
Austin, Texas

Dear Mr. Nutt:

Opinion No. C-236

RE: Whether a life insurance
company is required to comply
with the provisions of Article
4.02A (1) and (2), Texas Busi-
ness Corporation Act, in addi-
tion to complying with the pro-
visions of Article 3.05, Texas
Insurance Code, in order to
effect an amendment to its
articles of incorporation.

You have requested the opinion of this office con-
cerning the applicability of certain provisions of the Texas
Business Corporation Act (hereinafter referred to as the "Act"),
to a life insurance company seeking to amend its articles of
incorporation under the provisions of the Texas Insurance Code
(hereinafter referred to as the "Code").

Your letter reads in part as follows:

"The State Board of Insurance has pending an
application for approval of an amendment to the
articles of incorporation of a life insurance
company organized and operating under the laws of
the State of Texas. It has been the policy of
this Department for approximately four years to
require a life insurance company making applica-
tion for approval of a charter amendment to furnish
evidence of compliance with the provisions of
Article 4.02A, Texas Business Corporation Act,
in addition to requiring compliance with Article
3.05, Texas Insurance Code.

"Article 4.02A (1), Texas Business Corporation
Act, requires that the board of directors of the
company initiate the action by which a charter
amendment is to be effected by the adoption of a
resolution setting forth the proposed amendment
and directing that it be submitted to a vote of
the shareholders. Article 4.02A (2) requires
that notice of the proposed amendment be given
to each shareholder not less than ten nor more

-1143-

than fifty days prior to the date of the
meeting at which the shareholders will vote
upon the proposed amendment. The documents
filed with this Department in connection
with the pending application do not reflect
that the procedural steps required by Article
4.02A (1) and (2) have been followed by the
company in that it does not appear that the
board of directors initiated the action and
that it does not appear that any notice was
given to the shareholders prior to the meet-
ing at which they voted to amend the charter.
The company has taken the position that Article
4.02A, Texas Business Corporation Act, is not
applicable to a life insurance company seeking
to amend its charter.

". . . we respectfully request your opinion
on the following question:

'Is a life insurance company required
to comply with the provisions of Article
4.02A (1) and (2), Texas Business Corp-
oration Act, in addition to complying with
the provisions of Article 3.05, Texas Insurance
Code, in order to effect an amendment to its
articles of incorporation?'"

The provisions of Article 3.05 of the Code, entitled
"Amendment of Charter," relevant to this question are as follows:

"At any regular or called meeting of the stockholders,
they may, by resolution, provide for any lawful
amendment to the charter or articles of incorpora-
tion; and such amendment, accompanied by a copy
of such resolution, duly certified by the presi-
dent and secretary of the company, shall be filed
and recorded in the same manner as the original
charter, and shall thereupon become effective . . . "

Also, the pertinent provisions of Article 4.02A of the
Act, referred to in this request, are as follows:

"A. The articles of incorporation may be amended
in the following manner:

> (1) The board of directors shall
> adopt a resolution setting forth the
> proposed amendment and directing that
> it be submitted to a vote at a meeting
> of shareholders, which may be either
> an annual or a special meeting.
>
> (2) Written or printed notice setting
> forth the proposed amendment or a summary
> of the changes to be effected thereby
> shall be given to each shareholder of
> record entitled to vote thereon within
> the time and in the manner provided in
> this Act, for the giving of notice of
> meetings of shareholders . . . "

The time and the manner for the giving of notice of shareholders' meetings referred to in Article 4.02A (2) of the Act are prescribed in Article 2.25, Texas Business Corporation Act, which provides that written or printed notice stating the place, day and hour of the meeting shall be delivered not less than ten (10) nor more than fifty (50) days before the date of the meeting to each shareholder of record entitled to vote in such meeting.

This office held, in Attorney General's Opinion WW-905, issued on August 18, 1960, that the provisions of the Act supplement the Code in respect to life insurance companies, insofar as and to the extent that such provisions are not inconsistent with the provisions of the Code. (Article 9.14A, Texas Business Corporation Act, and Article 3.69, Texas Insurance Code). Therefore, the precise question for our determination is whether or not the requirements as presented in Article 4.02A (1) and (2) of the Act, are inconsistent with any provision of the Code. If not, such requirements of the Act are applicable, and must be complied with by a life insurance company in exercising its power to amend its articles of incorporation.

The authority to amend articles of incorporation lies with the legislature, as does the power of creation of a corporation in the first instance. However, this power to amend a charter may be, and generally is, conferred by the legislature upon the shareholders of a corporation. (18 C.J.S. 472, Corporation, Sec. 80). The placing by the legislature of such power to amend, in the shareholders, is consonant with established corporate law in that although the general management and control of ordinary business affairs are vested in the board of

directors, extraordinary or unusual powers not relating to normal corporate affairs remain and are vested in the shareholders. The power to amend a corporation's charter or articles of incorporation falls within the realm of such "extraordinary or unusual" powers vested in the shareholders. 2 Hildebrand on Texas Corporations (Perm. Ed. 1942) 499; and 18 C.J.S. 476, Corporations, Sec. 81 (b)(1).

It is our opinion that the legislature, by providing under Article 3.05 of the Code, entitled "Amendment of Charter," that the shareholders may by resolution provide for any lawful amendment at any regular or special meeting, intended to authorize the shareholders to exercise within their discretion the ultimate power to amend the charter or articles of incorporation; and that the legislature failed to prescribe the procedure to be followed in exercising this discretionary power of amendment. It is apparent from a reading of Article 3.05 that there are no requirements respecting the procedure to be employed in the exercise of this power to amend articles of incorporation, such as notice of the proposed amendment, to whom notice is given, by whom notice is given, the time and manner in which such notice is given, the required vote of the shareholders necessary to adopt an amendment (excepting the requirement of a majority of shareholders for the increase or reduction of capital stock), or any of the other normal steps or incidences of a method to be followed in seeking to amend articles of incorporation. Article 3.05 merely provides that the amendment and the certified copy of the shareholders' resolution, evidencing its ultimate adoption of such amendment, shall be filed in the same manner as the charter. Therefore, prior to the ultimate acceptance of an amendment by resolution of the shareholders and the subsequent filing of such amendment and certified resolution, the Code is silent as to what procedure is to be followed in order to effect an amendment to articles of incorporation.

It is therefore our opinion, based upon the foregoing reasoning and principles of law, that the requirements as presented in Article 4.02A (1) and (2) of the Act are not inconsistent with the provisions of the Code regulating life insurance companies, and thereby should be complied with by a life insurance company seeking to effect an amendment to its articles of incorporation. The application of such requirements of the Act to a life insurance company will not frustrate or defeat the intent or spirit of Article 3.05 of the Code, but to the contrary is consistent and harmonious with the

the provisions of the Code for the amendment of articles of incorporation of a life insurance company.

### SUMMARY

A life insurance company is required to comply with the provisions of Article 4.02A (1) and (2), Texas Business Corporation Act, in addition to complying with the provisions of Article 3.05, Texas Insurance Code, in order to effect an amendment to its articles of incorporation.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _____
JAMES N. STOFER
Assistant Attorney General

JNS:smd

APPROVED:

OPINION COMMITTEE:

W.V. Geppert, Chairman
Joe R. Long
Malcolm Quick
Gordon Appleman
James Strock

APPROVED FOR THE ATTORNEY GENERAL
BY:
    Howard W. Mays